IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No.: 1:13-CV-03282-RM-KMT

RICHARD COOK, an individual,
MARY D. COOK, an individual,
RICHARD M. HUGHES, an individual,
JAMES K. LUST, an individual, and
JAMES V. STEWART, LLC, a
Washington limited liability company,

        Plaintiffs

vs.

PENSA, INC., a Colorado corporation,
LOUIS W. PENDLETON, an individual,
and EDMUND A. PENDLETON, an
individual

        Defendants

---

**DEFENDANTS' MOTION AND BRIEF TO STAY DISCOVERY PENDING RESOLUTION OF MOTION TO COMPEL ARBITRATION AND STAY PROCEEDINGS**

---

**MOTION**

Pursuant to Federal Rule of Civil Procedure 6(b), and the Court's inherent power to control its docket, Defendants Pensa, Inc. ("Pensa"), Louis W. Pendleton ("Lou Pendleton") and Edmund A. Pendleton ("Al Pendleton") (collectively "Defendants") respectfully move this Court for an order enlarging the time for the parties to comply with the scheduling obligations set forth in the "Order Setting Rule 16(b) Scheduling Conference and Rule 26(f) Planning Meeting" (Docket ["Dkt"] No. 8) ("Initial Scheduling Order"), to continue the Case Management Conference currently set for March 11, 2014, and to stay all discovery in this action pending the

Court's resolution of Defendants' Motion and Brief to Compel Arbitration and Stay Proceedings previously filed by Defendants on February 12, 2014.

This Motion is made pursuant to Federal Rule of Civil Procedure 6(b), which authorizes the Court to extend the time when any act must be done if a request for such extension is made before the original deadline expires. Fed. R. Civ. P. 6(b)(1)(A). This Motion is made prior to the Initial Case Management Conference set for March 11, 2014 at 9:30 a.m. and before the expiration of the following upcoming scheduling and discovery obligations:

- Filing Joint Proposed Scheduling Order and Discovery Plan by March 4, 2014 (Dkt No. 8 - Initial Scheduling Order);

- Exchange of Initial Disclosures by March 4, 2014 ("Initial Scheduling Order") (Dkt No. 8).

Finally, the request to stay discovery is also made pursuant to the Court's inherent power to control its docket to promote judicial economy and efficiency. *Landis v. N. Am. Co.,* 299 U.S. 248, 254-55 (1936) ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants. How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.").

Based upon the foregoing and for the reasons further explained below, Defendants respectfully request that the Court grant the motion.

### CERTIFICATION PURSUANT TO D.C.COLO.L.Civ.R7.1(A)

Pursuant to D.C.Colo.L.Civ.R.7.1 (A), counsel for Defendants certifies that counsel for the parties met and conferred by email and telephone about this motion and the relief requested on February 18th, 19th and 20th, 2014, respectively. Plaintiffs' counsel opposed the motion.

- 2 -

374747/1/LOS ANGELES

**BRIEF IN SUPPORT OF MOTION**

Plaintiffs Richard Cook, Mary D. Cook, Richard M. Hughes, James K. Lust and James V. Stewart, LLC (collectively "Plaintiffs") previously agreed to arbitrate all of their disputes with Defendants. For this reason, Defendants filed a Motion and Brief to Compel Arbitration and Stay Proceedings ("Motion to Compel Arbitration") on February 12, 2014 (Docket Number ["Dkt. No."] 15, and supporting declarations [Dkt. No. 15-1 and 15-2), which is hereby incorporated by reference for the purposes of this Motion and Brief to Stay Discovery Pending Resolution of the Motion to Compel Arbitration ("Motion to Stay").

The interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendants' Motion to Compel Arbitration. As explained in the Motion to Compel Arbitration, the parties' arbitration agreement is broad and encompasses all of Plaintiffs' claims, and the granting of that Motion will dispose of the entire action. It makes more sense for all parties and the court for discovery to be allowed to proceed in arbitration and not duplicated in this action. Further, no discovery is needed on the issue of the enforceability of the arbitration agreement, as that issue turns on the plain language of the Development Agreements and related documents already before the Court with respect to the Motion to Compel. This matter is still in its infancy, so staying discovery pending resolution of the Motion to Compel will not prejudice Plaintiffs in any way.

Finally, a stay of discovery is particularly warranted by the facts of this case because:

1. Plaintiffs filed their original complaint on _**December 4, 2013**_ and thereby triggered the Court's issuance of the Initial Scheduling Order on _**December 10, 2013**_, but elected not to serve the complaint on any of the Defendants until after amending their complaint _**nearly two months later on January 21, 2014.**_ (Dkt.

- 3 -

374747/1/LOSANGELES

> Nos. 9 [Amended Complain] and 12-14 [Notice of Return of Summons].)
>
> 2. As a result Defendants have only made their initial appearance on February 12, 2014, and did so by filing their Motion to Compel Arbitration. (Dkt. No. 15.)

Since the court need only issue a scheduling order within the earlier of 120 days after any defendant has been served or 90 days after the defendant has appeared (FRCP 16(b)(2)), there is no statutory requirement to require initial disclosures by March 4, 2014 or hold a scheduling conference on March 11, 2014 as currently set by the Court's Initial Scheduling Order. Indeed, requiring such disclosures only will prejudice Defendants and create an unnecessary burden on the Court. Plaintiffs' election to wait nearly two months to serve Defendants has artificially created an accelerated discovery schedule that is particularly unwarranted in this action given that it may be resolved by the pending Motion to Compel Arbitration.

### I. A Stay Of Discovery And Extension Of Pre-Trial Deadlines Will Promote Efficiency And Avoid Prejudice To Defendants.

Consistent with the parties' Arbitration Agreement and the underlying purposes of the FAA, this Court should stay discovery and initial scheduling obligations until it is determined whether this case will proceed in arbitration or in this Court. *See Merrill Lynch, Pierce, Fenner & Smith, Inc. v. Coors,* 357 F. Supp. 2d 1277, 1280 (D. Colo. 2004) (ordering stay because "the interests of judicial economy would be advanced by staying discovery in this action pending a decision on Defendant's [motion to compel arbitration]."); *Steiner v. Apple Computer, Inc.*, 2007 U.S. Dist. LEXIS 90220, *3 (N.D. Cal. Nov. 28, 2007). The *Coors* court noted the federal policy in favor of arbitration and found it appropriate to invoke its "considerable discretion over the timing of discovery." 357 F. Supp. 2d at 1280. Indeed, granting such relief while a motion to compel arbitration is pending is "common practice." *Steiner, supra,* at *4.

- 4 -

Under these circumstances, courts in this District and elsewhere routinely stay pre-trial obligations, including discovery and scheduling conferences, when a motion to compel arbitration is pending. *See, e.g., Coors,* 357 F. Supp. 2d at 1281 (issuing stay of "all discovery and pretrial scheduling" pending resolution of motion to compel arbitration); *Max Software, Inc.,* 364 F. Supp. 2d at 1238 (granting motion to stay discovery); *Stone v. Vail Resorts Dev. Co.,* No. 09-cv-2081, 2010 WL 148278, at *1 (D. Colo. Jan. 7, 2010) (same); *see also Coneff v. AT&T Corp.,* No. C06-944, 2007 WL 738612, at *2 (W.D. Wash. Mar. 9, 2007) (issuing protective order barring merits discovery pending resolution of motion to compel arbitration); *Cunningham v. Van Ru Credit Corp.,* No. 06-10452, 2006 WL 2056576, at *2 (E.D. Mich. July 21, 2006) (staying merits discovery pending resolution of motion to compel arbitration); *Ross v. Bank of Am.,* No. 05-civ-7116, 2006 WL 36909, at *1 (S.D.N.Y. Jan. 6, 2006) (same); *Intertec Contracting v. Turner Steiner Int'l, S.A.,* No. 98-civ-9116, 2001 WL 812224, at *7 (S.D.N.Y. July 18, 2001) ("As is the general practice of district courts, a stay of discovery was imposed in this case while the motion to compel arbitration was pending before the Court."); *Andrus v. D.R. Horton, Inc.* 2012 U.S. Dist. LEXIS 76177, *8 (D. Nev. June 1, 2012) (staying discovery pending a determination of defendant's motion to compel arbitration).

Conducting discovery on the merits of Plaintiffs' claims prior to a determination in which forum such claims will proceed "puts the cart before the horse" because if the Court grants the Motion to Compel Arbitration "responsibility for the conduct of discovery lies with the arbitrators." *CIGNA Health Care of St. Louis, Inc. v. Kaiser*, 294 F.3d 849, 855 (7th Cir. 2002). If all or some of Plaintiffs' claims are to be heard by an arbitrator, discovery should proceed on those claims pursuant to the rules governing discovery in arbitration and the terms of the parties' arbitration agreement.

Defendants will be prejudiced if they must incur the costs of discovery prior to a ruling on their Motion to Compel Arbitration, as they will be deprived of the "'inexpensive and expeditious means by which the parties ha[ve] agreed to resolve their disputes.'" *Andrus v. D.R.*

*Horton, Inc.* 2012 U.S. Dist. LEXIS 76177, *7-8 (D. Nev. June 1, 2012) (quoting *Alascom, Inc. v. ITT North. Elec. Co.*, 727 F.2d 1419, 142 (9th Cir. 1984)).

### II. A Stay of Discovery And Extension Of Pre-Trial Deadlines Will Not Prejudice Plaintiffs.

On the other hand, Plaintiffs will not be prejudiced by staying discovery or extending the pre-trial scheduling deadlines. First, Plaintiffs already have copies of the arbitration agreements at issue as they are included in the Development Agreements containing the Arbitration Clause attached as Exhibits 1-5 to Plaintiffs' First Amended Complaint, so they require no discovery to determine their rights and obligations therein. (Dkt. No. 9, ¶ 21; Dkt. No. 9-1 through 9-5.) Second, the Motion to Compel Arbitration has already been filed on February 12, 2014, is pending before the Court and can be adjudicated long before any statutory requirement to hold a scheduling conference arrives. See FRCP 16(b)(2). Third, this is not a situation where the parties have expended time and effort and incurred expenses prior to Defendants filing their arbitration motion. To the contrary, Defendants' initial response to Plaintiffs' Complaint was to seek to enforce the parties' Arbitration Agreement.

Finally, Defendants' request for a stay is timely. The original deadlines for the filing of a Joint Proposed Scheduling Order, Discovery Plan and Initial Disclosures are all on March 4, 2014 and have not yet passed, and, therefore, staying them now will not prejudice Plaintiffs.

### CONCLUSION

Defendants respectfully request that an Order be entered staying discovery, extending the deadlines by which the parties are to complete their obligations under the Initial Scheduling Order, and continuing the Case Management Conference until after the Court has ruled on the pending Motion to Compel Arbitration. If the Court grants the pending Motion to Compel Arbitration, then those deadlines will be moot. If the Court denies the pending Motion to Compel Arbitration, then Defendants respectfully request that those deadlines continue to be stayed

pending the immediate appeal allowed by the FAA.  9 U.S.C. § 16; *Hardin v. First Cash Fin. Servs.*, 465 F.3d 470, 474 (10th Cir. Okla. 2006) ("[a] party aggrieved by a district court's denial of a motion to compel arbitration has the right under the FAA to file an interlocutory appeal.") quoting *McCauley v. Halliburton Energy Servs.,* 413 F.3d 1158, 1160 (10th Cir. 2005)(permitting appeal from an order denying a petition to compel arbitration under 9 U.S.C. § 4).

Respectfully submitted this 21st day of February 2014.

*/s/  Gabriel Colwell*

Gabriel Colwell
**SQUIRE SANDERS (US) LLP**
555 S. Flower St., Suite 3100
Los Angeles, CA 90071
Telephone:  213.689.5126
Facsimile:   213 623 4581
Email:  gabriel.colwell@squiresanders.com

Steven B. Harris
**SQUIRE SANDERS (US) LLP**
Squire Sanders (US) LLP
6200 Chase Tower
600 Travis Street
Houston, Texas 77002
Telephone:  713.546.5850
Facsimile:   713 546 5830
Email:  steven.harris@squiresanders.com

*Counsel for Defendants Pensa, Inc., Louis M. Pendleton, and Edmund A. Pendleton.*

- 7 -

**CERTIFICATE OF SERVICE**

I hereby certify that on **February 21, 2014,** I electronically filed the foregoing with the Clerk of Court using CM/ECF system which will send notification of such filing to the following e-mail addresses:

| | |
|---|---|
| William A. Johnson, Esq.<br>Matt W. Brockman, Esq.<br>Hartzog Conger Cason & Neville<br>201 Robert S. Kerr Avenue<br>Bank of Oklahoma Plaza<br>Suite 1600<br>Oklahoma City, OK 73102<br><br>Telephone: (405) 235-7000<br>Facsimile: (405) 996-3403<br><br>**Email:**<br>**bjohnson@hartzoglaw.com**<br>**delder@hartzoglaw.com**<br>**mbrockman@hartzoglaw.com**<br><br>Attorneys for Plaintiffs RICHARD COOK, MARY D. COOK, RICHARD M. HUGHES, JAMES K. LUST, JAMES V. STEWART, LLC | Peter George Koclanes<br>Sherman & Howard, L.L.C.- Denver<br>633 17th Street<br>Suite 3000<br>Denver, CO 80202-3622<br><br>Telephone: (303) 297-2900<br>Facsimile: (303) 298-0940<br>**Email: pkoclanes@shermanhoward.com**<br><br>Attorneys for Plaintiffs |

                                            */s/ Gabriel Colwell*
                                            Gabriel Colwell
                                            Attorney for Defendants
                                            PENSA, INC., LOUIS W. PENDLETON,
                                            EDMUND A. PENDLETON
                                            Squire Sanders (US) LLP
                                            555 S. Flower Street, Suite 3100
                                            Los Angeles, CA  90071
                                            Telephone: (213) 624-2500
                                            Facsimile: (213) 623-4581
                                            Email:Gabriel.colwell@squiresanders.com