IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Magistrate Judge Kathleen M. Tafoya**

Civil Action No. 13–cv–03282–RM–KMT

RICHARD COOK, an individual,
MARY D. COOK, an individual,
RICHARD M. HUGHES, an individual,
JAMES K. LUST, an individual, and
JAMES V. STEWART, LLC, a Washington limited liability company,

      Plaintiffs,

v.

PENSA, INC., a Colorado corporation,
LOUIS W. PENDLETON, an individual, and
EDMUND A. PENDLETON, an individual,

      Defendants.

## ORDER

      This matter is before the court on "Defendants' Motion and Brief to Stay Discovery Pending Resolution of Motion to Compel Arbitration and Stay Proceedings." (Doc. No. 17, filed Feb. 21, 2014.) Plaintiffs filed their "Objection and Response . . . to Defendants' Motion to Stay Discovery Pending Resolution of Motion to Compel and Stay Proceedings" (Doc. No. 26) on March 17, 2014. Defendants did not file a reply. For the following reasons, Defendants' Motion to Stay is GRANTED in part.

      In this case, Plaintiffs assert that Defendants violated a number of state laws by assigning, and thereby extinguishing, Plaintiffs' interest in several oil and gas exploration projects under a settlement agreement. (*See generally,* Am. Compl., Doc. No. 9.) On February 12, 2014,

Defendants filed a "Motion to Compel Arbitration and Stay Proceedings." (Doc. No. 15 [Mot. Compel].)  Therein, Defendants asserts that Plaintiffs' claims should be submitted to arbitration, pursuant to the Federal Arbitration Act 9 U.S.C. § 1 *et seq.*,[1] because Plaintiffs each signed oil and gas development agreements ("Development Agreements") that include a mandatory arbitration clause.[2]  (Mot Compel at 2 (citing Am. Compl, Ex. 1-5, ¶ 12).)  Defendants' present Motion seeks a stay of discovery until the court rules on the Motion to Compel.

The Federal Rules of Civil Procedure do not expressly provide for a stay of proceedings. *See String Cheese Incident, LLC v. Stylus Shows, Inc.*, No. 02–cv–01934–LTB–PA, 2006 WL 894955, at *2 (D. Colo. Mar. 30, 2006) (unpublished).  Nevertheless,

> [t]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants.  How this can best be done calls for the exercise of judgment, which must weigh competing interests and maintain an even balance.

*Landis v. N. Am. Co.*, 299 U.S. 248, 254–55 (1936) (citing *Kansas City S. Ry. Co. v. United States*, 282 U.S. 760, 763 (1931)).  Thus, although generally disfavored in this District, *see Bustos v. United States*, 257 F.R.D. 617, 623 (D.Colo.2009), a stay of proceedings is an appropriate exercise of the court's discretion.

"[A] court may decide that in a particular case it would be wise to stay proceedings until [certain challenges] have been resolved." *See* 8A Charles Alan Wright, Arthur R. Miller & Richard L. Marcus, FEDERAL PRACTICE AND PROCEDURE § 2040, at 198 (3d ed. 2010).  Courts have also recognized that a stay of discovery may be appropriate if "resolution of a preliminary motion may dispose of the entire action." *Nankivil v. Lockheed Martin Corp.,* 216 F.R.D. 689,

---

[1] Plaintiffs oppose Defendants' Motion to Compel.  (*See* Doc. Nos. 21-24.)
[2] Plaintiffs oppose Defendants' Motion to Compel.  (*See* Doc. Nos. 21-24.)

692 (M.D. Fla. 2003). *See also Vivid Techs, Inc. v. Am. Sci. & Eng'r, Inc.,* 200 F.3d 795, 804 (Fed. Cir. 1992) ("When a particular issue may be dispositive, the court may stay discovery concerning other issues until the critical issue is resolved."). When considering a stay of proceedings, this court considers: (1) the plaintiff's interests in proceeding expeditiously with the civil action and the potential prejudice to plaintiff of a delay; (2) the burden on the defendants; (3) the convenience to the court; (4) the interests of persons not parties to the civil litigation; and (5) the public interest. *See String Cheese Incident*, 2006 WL 894955, at *2 (citing *FDIC v. Renda*, No. 85–2216–O, 1987 WL 348635, at *2 (D.Kan. Aug. 6, 1987)).

As to the first factor, the court acknowledges that Plaintiffs have an interest in proceeding expeditiously with this action. Indeed, with the passage of time, the memories of the parties and other witness may fade, witnesses may relocate or become unavailable, or documents may be lost or inadvertently destroyed.

At the same time, the FAA constitutes a "liberal policy favoring arbitration." *Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp.,* 460 U.S. 1, 24-25 (1983). Defendants' argument in favor of arbitration is at least facially compelling as each of Plaintiffs indeed signed a Development Agreement that contained a mandatory arbitration provision. The court acknowledges Plaintiffs' arguments that the arbitration clauses are unconscionable and, in any event, do not apply to all of the claims asserted. Nevertheless, because Defendants have set forth a well-supported argument that arbitration must be compelled in this action, the court finds requiring the parties to submit to full discovery prior to a ruling on the Motion to Compel may unnecessarily subject them to "the very complexities, inconveniences and expenses of litigation that they determined to avoid." *See Merrill Lynch, Pierce, Fenner & Smith Inc. v. Coors,* 357 F.

3

Supp. 2d 1277 (D. Colo. 2004) (quoting *Kleeper v. SLI, Inc.,* 45 F. App'x 136, 139 (3d Cir. 2002)).

As to the third factor, the court has a general interest in managing its docket by seeing cases proceed expeditiously. However, on the other hand, judicial economy and resources would plainly be wasted if the court allowed discovery to proceed, only to later determine that Plaintiffs' claims must be submitted to arbitration.[3]

Ultimately, having balanced the appropriate factors based on the particular facts and circumstances of this case, the court finds that a brief stay of discovery is warranted in this case. Therefore, for the foregoing reasons, it is

ORDERED that "Defendants' Motion and Brief to Stay Discovery Pending Resolution of Motion to Compel Arbitration and Stay Proceedings" (Doc. No. 17) is GRANTED in part. All discovery in this action is STAYED for **90 days**, or through July 24, 2014, and the Scheduling Conference set for May 8, 2014 is VACATED. The court will issue a ruling on Defendants' Motion to Compel Arbitration and Stay Proceedings" (Doc. No. 15) no later than July 17, 2014. Within 10 days of that ruling, the parties shall file a Joint Status Report advising whether the stay

---

[3] The last two factors do not appear to be implicated in this case and therefore have not been addressed by the court.

should be lifted and the Scheduling Conference reset.

Dated this 25th day of April, 2014.

BY THE COURT:

_____
Kathleen M. Tafoya
United States Magistrate Judge

5